## ANNA P. CAREY v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON.

A married woman is not barred from her action for an injury to her property caused by a riot by the lapse of three months after the injury and before suit; she being within the saving clause of the section of the act relating to riots which confers the right of action.

This case was certified by the Circuit Court of the county of Passaic for the advisory opinion of this court. The language of the certificate is as follows, to wit: The cause is hereby certified to the Supreme Court for its advisory opinion as to whether or not the plaintiff is barred from maintaining her action by reason of her failure to bring the same within the period of three months after the injury complained of, by virtue of the provisions of section 9 of the " Act to prevent riots and tumultuous assemblies," which provision was set up in the plea as a bar to the action.

For the plaintiff, Z. M. Ward.

For the defendant, F. Scott.

Argued at June Term, 1885, before BEASLEY, CHIEF JUS-TICE and Justices DIXON and MAGIE.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    By the fifth section of the act referred to in the certificate by which this case has been placed before this court (*Rev., p.* 979,) each city of the state is made liable to actions on the part of the owners of real or personal property, for an injury to such property or its destruction by riot ; but such right of action is limited by the ninth section of this statute, which provision is in these words, to wit: " No action shall be maintained against any city or county, under the provisions of this act, unless the same shall be brought within three months after the loss or injury ; pro-vided, if the parties bringing suit be in ward as of unsound mind, or minors, or under coverture, this limitation shall not apply."

As the plaintiff in this cause was at the time of the accru-ing of her present cause of action a married woman, and as such *status* still continues, she is within the plain terms of the saving clause of this restrictive provision, so that, unless such saving clause, as to her, has been repealed, her rights are not affected by the limitation of the remedy given by the act.    And such is the contention of the counsel of the defendant, it being insisted that the saving clause, so far as it touches the privileges of married women, has been repealed by implications arising out of subsequent legis-lation.    The legislation thus indicated is the act relating to the property of married women, the argument being that inasmuch as by this latter law the *feme covert* is empowered to sue in her own name, without joining her husband, therefore it is to be inferred that it was the legislative design to deprive her of the privilege bestowed upon her at a time when she had no standing in a court of law in her own right for any injury inflicted on her person or property.    But this argument has not impressed me.    It is very plain that the law except-

ing the married woman from the limitation in question, is in no degree inconsistent with her statutory right to become a suitor ; these two provisions do not clash or interfere with each other in the slightest degree ; and the appropriate rule of law is that a statute is not repealed by subsequent legislation unless the acts are irreconcilably inconsistent. The cases are uniform to this effect, and a series of them will be found collected in *Sedgw. Stat. and Const. L.* 123. In such cases it is not enough to present considerations rendering it probable that the legislature, if their minds had been turned to the subject, would have repealed a given act, when passing subsequent laws, for the question is not what the legislature might or would have done, but what it has done. It is deemed highly probable that in revising the system of marital laws, no thought was given to this special provision now under consideration. This is certain, that when the legislature intended to take a privilege of this kind from a married woman, the deprivation was effected by express action, for we find that in reframing the laws at the time of the last revision, *femes covert* are dropped out of the category of persons not to be affected by the General Limitation act. It is also to be noted that there are indications in the act regulating the property of married women, showing a legislative recognition of the inaptitude of this class of persons, from their situation and habits, for the transaction of business, for the power given to them to enter into contracts is subject to what was deemed certain reasonable restrictions. So that all things considered, it is not possible to infer, with anything like certainty, that, if the subject had been before the legislature, it would have been deemed judicious to place women under coverture on the same footing with men, with respect to the remedy afforded by the act under consideration. But these inquiries belong to the field of conjecture, and it is not by such instrumentalities that statutes can be repealed.

Let the Circuit Court be advised that the plaintiff's action has not been barred.